# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Kevin Goolsby,

                Plaintiff,

                            Case No. 1:20-cv-4240-MLB

v.

Farmers Insurance, et al.,

                Defendants.

_____/

## OPINION & ORDER

Plaintiff Kevin Goolsby filed this action against Defendants Farmers Insurance ("Farmers"), Mid-Century Insurance Company ("Mid-Century"), and John Doe in the State Court of Clayton County, Georgia. (Dkt. 1-2.) Defendants Farmers and Mid-Century (collectively, "Insurance Defendants") removed the case. (Dkt. 1.) Plaintiff moves to remand. (Dkts. 8; 30.) The Court denies that motion. Insurance Defendants move to dismiss. (Dkt. 9.) The Court grants that motion.

## I.    Background

On or around December 26, 2018,[1] a vehicle driven by an unidentified person, John Doe, rear-ended Plaintiff's vehicle.  (Dkt. 4 ¶ 4.)  Both individuals exited their vehicles to assess the damage and make sure everyone was okay.  (*Id.* ¶ 5.)  John Doe told Plaintiff he was going back to his vehicle to retrieve his insurance information but drove off instead.  (*Id.* ¶ 6.)

On September 3, 2020, Plaintiff sued Defendants in the State Court of Clayton County, Georgia.  (Dkt. 1-2 at 4.)  On October 13 at 3:15 p.m., Insurance Defendants filed their answer.  (Dkt. 1-3.)[2]  Four minutes later at 3:19 p.m., Plaintiff filed a voluntary dismissal without prejudice as to Insurance Defendants and an amended complaint, removing the claims against Insurance Defendants and naming John Doe as the sole

---

[1] It is unclear when the accident occurred because the complaint provides conflicting dates: December 26 or 28.  (Dkt. 4 ¶¶ 1, 4.)  The Court assumes December 26 is the correct date because the police report provides that date.  (Dkt. 1-2 at 16.)

[2] The exhibit numbers on the notice of removal do not match the exhibit numbers applied by the CM-ECF system.  For example, the answer is labeled Exhibit 4 in the notice of removal, but CM/ECF labels it Dkt. 1-3 because it is the third attachment.   The Court cites the CM-ECF numbers.

defendant.  (Dkts. 1-4; 1-5.)  The next day, on October 14, Insurance Defendants removed the case.  (Dkt. 1.)

On November 4, 2020, Plaintiff filed his first motion to remand. (Dkt. 8.)  A few days later, Insurance Defendants moved to dismiss.  (Dkt. 9.)  Plaintiff did not respond to that motion.  On March 11, 2021, the Court held a hearing on the two motions.  (Dkt. 29.)  Plaintiff's counsel failed to appear in person but appeared telephonically.  (*Id.*)  For that reason, the Court continued the hearing.  (*Id.*)  On March 18, 2021, Plaintiff filed an amended motion to remand.  (Dkt. 30.)  On March 22, 2021, the Court held a second hearing on the motions.  (Dkt. 31.)

## II.  Discussion

### A.  Motions to Remand

Plaintiff moves to remand, arguing (1) Insurance Defendants are not actual parties and thus lack standing to remove this case and (2) even if they are parties, diversity of citizenship does not exist.  (Dkts. 8; 30.)

#### 1.  Standing to Remove

Insurance Defendants argue Plaintiff's dismissal of them in State Court was improper under O.C.G.A. § 9-11-21 because Plaintiff did not obtain court approval to dismiss Insurance Defendants.  (Dkts. 1 ¶ 11; 15

at 5–6; 32 at 3–4.)  The Court agrees.  Under Georgia law, a party may

amend his or her "pleadings as a matter of course and without leave of

court at any time before the entry of a pretrial order."  O.C.G.A.

§ 9-11-15(a).  But Georgia law also states that "[p]arties may be dropped

or added by order of the court on motion of any party or of its own

initiative at any stage of the action and on such terms as are just."  *Id.*

§ 9-11-21.  Georgia courts have held on numerous occasions that O.C.G.A.

§ 9-11-15(a) must be read *in pari materia* with O.C.G.A. § 9-11-21.

*Wright v. Safari Club Int'l, Inc.*, 745 S.E.2d 730, 736 (Ga. Ct. App. 2013).

Thus, for an additional party to be added or, as here, an existing party to

be dropped from a lawsuit by amendment pursuant to O.C.G.A. § 9-11-15,

leave of court must first be sought and obtained pursuant to O.C.G.A.

§ 9-11-21.[3] *Id.*  Since no such motion or leave of court was granted in this

---

[3] In other words, "[t]he adding or dropping of parties requires the exercise of a discretion by the court, and, without the requirement that leave of court be obtained in doing so, there could be no exercise of discretion.  It is important that the status of parties not be altered or changed save under the supervision of the court.  Obtaining leave of court is a requisite."  *Manning v. Robertson*, 476 S.E.2d 889, 891 (Ga. Ct. App. 1996) (quoting *Dollar Concrete Constr. Co. v. Watson*, 428 S.E.2d 379, 380 (Ga. Ct. App. 1993)).

case in State Court,[4] Insurance Defendants remain in the case despite Plaintiff's attempt to dismiss them and amend his complaint. *See Kilgore v. Stewart*, 705 S.E.2d 209, 210 (Ga. Ct. App. 2010) ("If a plaintiff attempts to voluntarily dismiss less than all the defendants without obtaining leave of court, the dismissal is ineffective."). Because Insurance Defendants remain in the case, they had standing to remove the case.

### 2. Diversity Jurisdiction

Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.[5] *See* 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires that "the citizenship of every plaintiff . . . be diverse from the citizenship of every defendant." *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005). "[D]iversity jurisdiction is determined at the time of filing the

---

[4] Plaintiff claims the dismissal was effective because the clerk in the State Court marked Insurance Defendants as dismissed. (Dkts. 30 at 3; 37 at 3.) Plaintiff cites no authority for his position, and it directly contradicts Georgia law. *See Rosales v. Davis*, 580 S.E.2d 662, 663 (Ga. Ct. App. 2003) ("The dismissal of less than all the parties from an action . . . is accomplished under OCGA § 9-11-21 with the requirement that it be done by order of the court.").

[5] The amount in controversy is not in dispute. (Dkts. 30 at 9; 32 at 3.)

complaint or, if the case has been removed, at the time of removal."

*Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (citing *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016)).

Plaintiff contends diversity of citizenship is not met. (Dkts. 8 at 2–3; 30 at 5.) For diversity purposes, an individual's citizenship is equivalent to domicile, which requires "both residence in a state *and* 'an intention to remain there indefinitely.'" *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (emphasis added) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). Everyone agrees Plaintiff is a citizen of Georgia. (Dkts. 1 ¶ 2; 8 at 3; 15 at 7; 30 at 6; 32 at 5–6; 37 at 2.) For determining the citizenship of Insurance Defendants, Plaintiff urges the Court to apply 28 U.S.C. § 1332(c)(1). (Dkt. 30 at 5–7.) That statute provides:

> (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance*, whether incorporated or unincorporated, *to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—*

*(A) every State and foreign state of which the insured is a citizen;*

(B) every State and foreign state by which the insurer has been incorporated; and

(C) the State or foreign state where the insurer has its principal place of business . . .

28 U.S.C. § 1332(c)(1) (emphasis added). According to Plaintiff, he brought a direct action against Insurance Defendants, meaning they (i.e., the insurers) are Georgia citizens because he (i.e., the insured) is a Georgia citizen. (Dkt. 30 at 5–7.) Plaintiff's argument lacks merit because his action against Insurance Defendants is not a "direct action" within the meaning of the statute. According to the Eleventh Circuit,

> [t]hat section was enacted by Congress in order to eliminate the basis for diversity jurisdiction in states that allow an injured third-party claimant to sue an insurance company for payment of a claim without joining the company's insured as a party, where the insured would be a nondiverse party, even though the party insurance company would otherwise be diverse. But where the suit brought either by the insured or by an injured third party is based not on the primary liability covered by the liability insurance policy but on the insurer's failure to settle within policy limits or in good faith, the section 1332(c) direct action proviso does not preclude diversity jurisdiction. We hold that unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action.

*Fortson v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985) (internal citations omitted).  Plaintiff sued Insurance Defendants for breach of contract, punitive damages, and attorneys' fees.  (Dkt. 1-2.) That is not "of such a nature that the liability sought to be imposed could be imposed against the insured."  *Fortson*, 751 F.2d at 1159; *see also Broyles v. Bayless*, 878 F.2d 1400, 1404 n.1 (11th Cir. 1989) ("Technically, a direct action is one in which the liability sought to be imposed could be imposed against the insured." (internal quotation marks omitted)).  So 28 U.S.C. § 1332(c)(1) does not apply.

Alternatively, Plaintiff argues diversity of citizenship is not met because Insurance Defendants are citizens of Georgia since they each have a registered agent in Georgia.  (Dkts. 8 at 3; 30 at 9.)  As support, Plaintiff attached two documents from the Georgia Secretary of State. (Dkts. 8-1; 8-2.)[6]  This argument also lacks merit.  "Having a registered agent in Georgia does not confer citizenship."  *Henry v. Nationstar Mortg., LLC*, No. 1:13-CV-2339, 2013 WL 12380979, at *4 (N.D. Ga. Dec. 3, 2013).

---

[6] The document Plaintiff provided from the Georgia Secretary of State for Defendant Farmers is actually for a completely different entity called Farmers Insurance Exchange.  (*See* Dkt. 8-2.)

Overall, the Court finds diversity of citizenship is met: Plaintiff and Defendant Mid-Century are citizens of different states, and neither the presence of John Doe nor Defendant Farmers destroys diversity jurisdiction. As explained above, Plaintiff is a citizen of Georgia. As to Defendant Mid-Century, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant Mid-Century is incorporated in California and has its principal place of business in California. (Dkts. 1 ¶ 3; 15 at 7.) Thus, Defendant Mid-Century is a citizen of California for purposes of diversity jurisdiction.[7] John Doe is a fictitious person whose citizenship is unknown. His citizenship is disregarded for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1); *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019) (per curiam). Similarly, Defendant Farmers is not a legal entity that can be sued (Dkts. 1 ¶ 3; 15 at 8–9), so its citizenship is disregarded. *See Taylor v. Piggly Wiggly of*

---

[7] The document Plaintiff provided from the Georgia Secretary of State for Defendant Mid-Century confirms its California citizenship: it says Defendant Mid-Century is incorporated in California and has its principal place of business in Woodland Hills, California. (*See* Dkt. 8-1.)

*Bay Minette*, No. 12-0320, 2012 WL 3555576, at *3 (S.D. Ala. Aug. 16, 2012) ("[T]he naming of a nonexistent entity cannot destroy diversity."). Because there is diversity jurisdiction, the Court denies Plaintiff's motion to remand (Dkt. 8) and amended motion to remand (Dkt. 30).

## III. Motion to Dismiss

On November 9, 2020, Insurance Defendants moved to dismiss Defendant Farmers without prejudice and remove Defendant Mid-Century as a named defendant. (Dkt. 9.) Plaintiff did not file a response in opposition to the motion.[8] (*See generally* Dkt.) Accordingly, Insurance Defendants' motion to dismiss is deemed unopposed. *See* LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."). Because Plaintiff removed all allegations against them in his amended complaint (Dkt. 4), Insurance Defendants argue (1) Defendant Farmers should be dismissed and (2) Defendant Mid-Century should be removed as a named defendant but continue as an unnamed defendant since it is the Uninsured Motorist carrier. (Dkt.

---

[8] Prior to filing the motion to dismiss, counsel for Insurance Defendants reached out to Plaintiff's counsel to see if she would consent to their motion. (Dkts. 9 ¶ 6; 9-1.) Plaintiff's counsel refused to consent to the dismissal because she believed she had already dismissed Insurance Defendants in State Court. (Dkts. 9 ¶ 6; 9-1.)

9 ¶¶ 9–10.) The Court agrees. *See State Farm Mut. Auto. Ins. Co. v. Brown*, 152 S.E.2d 641, 642 (Ga. Ct. App. 1966) ("The provisions of the Uninsured Motorist Act . . . neither contemplate nor authorize the naming of the plaintiff's insurer as a defendant, nominal or otherwise, in an action brought against a known or an unknown uninsured motorist. If it is named as a defendant, plaintiff's insurer is entitled to have the petition recast, striking therefrom its name as a defendant and all reference to the matter of insurance.").

## IV.  Conclusion

The Court **DENIES** Plaintiff's motion to remand (Dkt. 8) and amended motion to remand (Dkt. 30).  The Court **GRANTS** Insurance Defendants' motion to dismiss (Dkt. 9).  The Court **DISMISSES WITHOUT PREJUDICE** Defendant Farmers and **ORDERS** that Defendant Mid-Century be removed from this case as named defendant but continue as an unnamed defendant.

**SO ORDERED** this 29th day of June, 2021.



MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE